**STATE, Plaintiff-Appellee, v. FARRAND, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4491. Decided February 13, 1951.

Glenn E. Kemp, Police Pros., Richard W. Gordon, City Atty., Columbus, for appellee.

Roy W. Roof, John L. Roof, Kenton, I. J. Hoover, Columbus, for appellant.

## OPINION

By MILLER, J.

The defendant was tried in the Municipal Court upon the charge that he unlawfully advertised and announced himself

to be a practitioner of medicine and surgery before ne had obtained a certificate from the State Medical Board as required by law. Upon a plea of not guilty a jury trial was had which resulted in a verdict of guilty.

The errors assigned may be epitomized as follows:

1. The judgment and verdict are contrary to law.
2. The evidence was not sufficient to sustain the same.
3. Errors in the admission of evidence.
4. The Court erred in its general and special charges to the jury.

The record reveals that the defendant had an office in a building located at 889 East Broad Street, Columbus, Ohio; that hanging over the entrance to the building was a neon sign which read "Dr. Farrand's Naturopathic Clinic." The sign was written in three lines with the word "Naturopathic" in the middle and in letters much smaller than the others. Three witnesses testified on behalf of the State concerning treatments received from the defendant on or about the time specified in the affidavit. The first testified that he was suffering from a "Charley horse" in the leg and the defendant treated it by rubbing and the application of heat. The second testified that he was suffering from pains in the back and shoulder and that he was given massages and heat applications by the defendant. The third testified as to receiving treatments from the defendant, but refused to testify concerning the nature of the illness. Two of the witnesses stated that they had made payments to the defendant for the treatments and the other one had made no payments up to that time.

The record reveals further that the defendant had no license from the Medical Board to practice medicine or surgery in any of its branches, although he previously had a license for the practice of chiropractic and mechanotherapy which had been revoked on November 5, 1949.

At the close of the plaintiff's case the defendant moved for an instructed verdict in favor of the defendant, which was overruled. Thereupon the defendant rested his case.

It is urged by the appellant that the judgment is contrary to law, alleging that the record does not reveal that the defendant advertised himself as a practitioner of medicine or any of its branches. In support of this allegation the defendant on cross-examination of Mr. Dorsey offered in evidence a letter signed by H. M. Platter, Secretary of the State Medical Board, in which he stated that naturopathy was not a recognized branch of medicine. The question therefore presented is whether the word "Naturopathic" as used

in the sign prevented any statutory violation which might otherwise have existed. **Sec. 12694 GC** makes it a violation for one to advertise or announce himself as a practitioner of medicine or surgery or any of its branches before obtaining a certificate from the State Medical Board.

Now the practice of medicine is defined by §1286 GC which provides:

"A person shall be regarded as practicing medicine, surgery or midwifery, within the meaning of this chapter who uses the words or letters, 'Dr.,' 'Doctor,' 'Professor,' 'M. D.,' 'M. B.,' or any other title in connection with his name which in any way represents him as engaged in the practice of medicine, surgery or midwifery, in any of its branches, or who examines or diagnoses for a fee or compensation of any kind, or prescribes, advises, recommends, administers or dispenses for a fee or compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation or treatment of whatever nature for the cure or relief of a wound, fracture or bodily injury, infirmity or disease, provided however, that the treatment of human ills through prayer alone by a practitioner of the Christian Science church, in accordance with the tenets and creed of such church, shall not be regarded as the practice of medicine; and provided further that sanitary and public health laws shall be complied with, and that no practices shall be used which may be dangerous or detrimental to life or health and that no person shall be denied the benefits of accepted medical and surgical practices.

"The use of any such words, letters or titles in such connection or under such circumstances as to induce the belief that the person who uses them is engaged in the practice of medicine, surgery or midwifery, shall be prima facie evidence of the intent of such person to represent himself as engaged in the practice of medicine, surgery or midwifery."

In connection with the foregoing statute the record reveals that the defendant advertised himself as "Dr.," and the giving of the massages and treatments for the cure or relief of bodily infirmities or diseases constituted such surrounding circumstances as to induce the belief that he was engaged in the practice of medicine. Therefore all of the statutory requirements were met in order to sustain a conviction. The use of the word "Naturopathic" in the sign does not prevent the act from being a violation. This was clearly pointed out by this Court in the case of **State v. Henning, 83 Oh Ap** at **page 449:**

"The defendant contends that he was practicing naturo-

pathy which is not medicine or any of its branches within the purview of §12694 GC. We are not interested in what name or title the defendant gives his profession, but we are interested in whether what he did constituted the practice of medicine as defined by §1286 GC."

The judgment is therefore not contrary to law. The evidence was clearly sufficient to sustain the charge since a prima facie case was established which was never overcome as the defendant offered no evidence in his behalf.

It is further claimed that the Court erred in admitting testimony of the three patients who testified concerning the treatments they received. This was clearly admissible as a surrounding circumstance mentioned in §1286 GC. See also **State v. Mueller, 41 Oh Ap 102;** and **State v. Method, 68 Oh Ap 66.**

We find further that the Court did not err in its general and special charges to the jury. With reference to the special charges the record shows that after the jury had been deliberating for several hours it returned to the courtroom for further instructions. In answer to one of the juror's questions the Court stated,

"You are only concerned with whether or not at the time charged in the affidavit this defendant was illegally engaged in the practice of medicine."

This statement was incorrect as the defendant was not charged with engaging in the practice of medicine but only the unlawful advertising of the same. However, this misstatement was later cleared up by the Court when he said:

"The defendant is charged with violating that part of the section which under the laws of Ohio, prohibits any one from advertising or announcing himself as engaged in the practice of medicine or any of its branches thereof, without first having obtained a license from the State Medical Board."

In giving consideration to all of the interrogatories submitted to the jury we are of the opinion that the jury were not misled as to the issues involved in the case. Even though we should be wrong in this conclusion, §13449-5 GC would prevent a reversal for the reason that it does not affirmatively appear from the record that the accused was prejudiced thereby or prevented from having a fair trial.

We find no error in the record, and the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.